**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROBERT E. GREATHOUSE,**

    **Plaintiff,**

v.   Case No. 8:19-cv-310-T-33AAS

**ST. PETERSBURG POLICE DEPARTMENT,
CHRISTOPHER DOLCH,
MICHAEL R. EGULE,
RENEE D. MCKINEY,**

    **Defendants.**

_____/

**ORDER**

This cause comes before the Court *sua sponte*. Plaintiff Robert E. Greathouse, a prisoner confined at the Pinellas County Jail, in Pinellas County, Florida, initiated this case by filing, *pro se*, a civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges that he was unlawfully arrested without probable cause. He seeks compensatory and punitive damages for false imprisonment, unlawful seizure, falsification of government documents, deprivation of liberty without due process, and other constitutional and state law violations. (Doc. 1)

Federal courts must refrain from intervening in pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53 (1971). Abstention under the *Younger* doctrine is required where: "(1) there is a pending state judicial proceeding;

(2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *Newsome v. Broward Cnty. Pub. Defenders*, 304 F. App'x. 814, 816 (11th Cir. 2008) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Regarding the first factor, "the relevant inquiry is 'whether the federal proceeding will interfere with an ongoing state court proceeding.'" *Id.* (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003)).

First, Plaintiff's state criminal proceedings are ongoing. Although Plaintiff failed to document the case in his Notice of Pendency of Other Actions (Doc. 6), publicly-available records from the Pinellas County Sheriff's Office reveal that Plaintiff is awaiting trial on the criminal charges relevant to this case. A ruling by this Court concerning the legality of Plaintiff's arrest would certainly interfere with those state criminal proceedings. Second, the criminal proceedings implicate important state interests. Plaintiff is charged with sexual battery and failure to register as a sex offender. Florida has a significate interest in prosecuting those matters. *See id.* at 816 (recognizing Florida's state interest in "ensur[ing] that violent sex offenders do not harm its citizens"). Third, Plaintiff will have an adequate opportunity to litigate the probable cause issue during his state criminal case. Accordingly, the *Younger* doctrine warrants abstention.

In cases involving claims for damages, such as this one, it is common for a federal court to stay the federal proceeding until the relevant criminal case has ended. *See e.g.*, *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be

made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."). Therefore, the Court will stay this case pending the completion of Plaintiff's underlying state criminal case.

Accordingly, it is **ORDERED** that this case is **STAYED** pending the completion of Plaintiff's state criminal case. The clerk is directed to **ADMINISTRATIVELY CLOSE** this case. If Plaintiff wishes to proceed with this case, he must move to reopen within 45 days of the conclusion of his state criminal case. Plaintiff's Motion for Summary Judgment (Doc. 53) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of January, 2021.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE